UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------- x
THOMAS JAMES PIPALA,                  :
                                      :
                        Plaintiff,    :
                                      :          MEMORANDUM & ORDER
            -against-                 :
                                      :          16 Civ. 1758 (ENV) (RML)
J.P. MORGAN CHASE BANK NA,            :
                                      :
                        Defendant.    :
----------------------------------------------------- x
VITALIANO, D.J.

*Pro se* plaintiff Thomas James Pipala filed this action alleging that defendant committed mortgage fraud in relation to a property located in Dobbs Ferry, New York. Am. Compl., ECF No. 5. For the reasons that follow, this action will be transferred to the United States District Court for the Southern District of New York.

As relevant here, a civil action may be brought in a "judicial district in which any defendant resides" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). Pursuant to 28 U.S.C. § 1406, a district court may transfer a case filed in the wrong district to any district in which it could have been brought. *See* 28 U.S.C. § 1406(a).

In this case, the subject property is located in Dobbs Ferry, New York, and the address provided for the corporate defendant is located in Yonkers, New York. Both Dobbs Ferry and Yonkers are municipal subdivisions of Westchester County, which is not located in this district. *See* 28 U.S.C. § 112(b) (Westchester County is located within the Southern District). This action should have been filed in our sister court and will, therefore, be transferred there.

1

## Conclusion

Accordingly, this case is transferred to the Southern District. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
May 5, 2016

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge